# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, IN ITS CAPACITY AS ADMINISTRATOR OF THE OLD FUND,**
Petitioner

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-168**     (JCN: 830064782)

**COLEEN JARRELL, DEPENDENT OF DELMER JARRELL (DECEASED),**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Offices of the Insurance Commissioner, in its Capacity as Administrator of The Old Fund ("Old Fund") appeals the March 30, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Coleen Jarrell, Dependent of Delmer Jarrell (deceased) filed a response.[1] Old Fund did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied Ms. Jarrell's application for 104 weeks of dependents' benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 13, 1993, Mr. Jarrell was granted a permanent total disability ("PTD") award and that order was appealed to the Office of Judges ("OOJ"). On December 1, 1996, Mr. Jarrell was seen by Clifford H. Carlson, M.D. Dr. Carlson outlined Mr. Jarrell's injuries and permanent partial disability ("PPD") awards. Mr. Jarrell received PPD awards for physical injuries, occupational hearing loss, and occupational pneumoconiosis ("OP"). Dr. Carlson found that Mr. Jarrell was permanently and totally disabled. By order dated August

---

[1] Old Fund is represented by Melissa Stickler, Esq. Eastern Associated Coal, LLC, did not appear. Ms. Jarrell is represented by Edwin H. Pancake, Esq.

25, 1998, the OOJ affirmed the claim administrator's order granting Mr. Jarrell a PTD award, but the ruling modified the date of the onset of the award. By order dated March 31, 1999, the Workers' Compensation Appeal Board affirmed the OOJ's ruling. In a settlement reached in 2000, the parties agreed to restore the onset date of the PTD award to May 16, 1990.

Mr. Jarrell passed away on March 15, 2020. Ms. Jarrell filed an application for survivors' benefits on March 11, 2022. On March 18, 2022, the claim administrator issued an order denying Ms. Jarrell's application for benefits. The claim administrator found that the application was untimely filed per West Virginia Code § 23-4-15(a) (2010), and that Ms. Jarrell had six months from the date of Mr. Jarrell's death to file her application. Ms. Jarrell protested this order.

On March 30, 2023, the Board issued an order reversing the claim administrator's order, which denied Ms. Jarrell's application for dependents' benefits. The Board found that Ms. Jarrell's application was not time-barred by West Virginia Code § 23-4-15. Instead, the Board determined that Ms. Jarrell was automatically entitled to the benefits under West Virginia Code § 23-4-10(e) (2010). Old Fund now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Old Fund argues that the time limits under West Virginia Code § 23-4-15 apply to applications for 104 weeks of dependents' benefits. The Old Fund further argues that Ms. Jarrell's application is untimely because the underlying claim was for a

hearing loss, and thus, was required to have been filed within one year of Mr. Jarrell's death pursuant to West Virginia Code § 23-4-15(c). We disagree.

West Virginia Code § 23-4-15(c) provides:

> To entitle any employee to compensation for occupational disease other than occupational pneumoconiosis under the provisions of this section, the application for compensation shall be made on the form or forms prescribed by the Insurance Commissioner, and filed with the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, within three years from and after the day on which the employee was last exposed to the particular occupational hazard involved or within three years from and after the employee's occupational disease was made known to him or her by a physician or which he or she should reasonably have known, whichever last occurs, and unless filed within the three-year period, the right to compensation under this chapter shall be forever barred, such time limitation being hereby declared to be a condition of the right and therefore jurisdictional, or, in case of death, the application shall be filed as aforesaid by the dependent of the employee within one year from and after the employee's death, and such time limitation is a condition of the right and hence jurisdictional.

Ms. Jarrell filed her application for dependent's benefits under West Virginia Code § 23-4-10(e) which provides:

> If a person receiving permanent total disability benefits dies from a cause other than a disabling injury leaving any dependents as defined in subdivision (d) of this section, an award **shall be made** to the dependents in an amount equal to one hundred four times the weekly benefit the worker was receiving at the time of his or her death and be paid either as a lump sum or in periodic payments, at the option of the dependent or dependents.

(emphasis added).

Here, the Board found that dependents are automatically entitled to the benefits provided by West Virginia Code § 23-4-10(e) based on the language of the statute.[2] The Board did not determine whether Mr. Jarrell's PTD award was granted in an occupational pneumoconiosis claim or an occupational disease claim. Instead, the Board ruled that the statutory deadlines provided in West Virginia Code § 23-4-15 simply do not apply to an

---

[2] The time limits stated in West Virginia Code § 23-4-15 apply to "fatal" or "death" benefits that may be awarded to dependents of a claimant who suffers a fatal injury or occupational disease in the course of and resulting from his or her employment.

application for 104 weeks of dependent's benefits filed under West Virginia Code § 23-4-10(e), thus, the Board determined that Ms. Jarrell was automatically entitled to 104 weeks of dependents' benefits.

Upon review, we conclude that the Board did not err in finding that the time limits under West Virginia Code § 23-4-15 do not apply to awards for 104 weeks of dependents' benefits provided by West Virginia Code § 23-4-10(e) based on the language of both statutes. Further, we find that the Board did not err in determining that dependents are automatically entitled to the benefits granted under West Virginia Code § 23-4-10(e), which provides that "an award **shall** be made." (emphasis added).

Accordingly, we affirm the Board's March 30, 2023, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Judge Thomas E. Scarr
Judge Charles O. Lorensen

**DISSENTING:**

Chief Judge Daniel W. Greear

4